# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE MENDOZA, JR., et al., | Case No. 2:18-cv-00959-JCM-CWH |
| Plaintiffs, | |
| v. | **ORDER** |
| AMALGAMATED TRANSIT UNION INTERNATIONAL, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs' emergency motions to compel (ECF Nos. 106, 107), filed on May 14, 2019 and May 15, 2019. Plaintiff moves to compel noticed Federal Rule of Civil Procedure 30(b)(6) witness testimony from defendants Amalgamated Transit Union International ("ATU") and Keolis Transit America Inc. ("Keolis"). Without resolving plaintiffs' motions on the merits, the court finds it necessary to address plaintiffs' request to hear the motion on an emergency basis.

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency'." *Id.* In the interest of fairness, the court generally prioritizes motions pending for a longer period of time. However, this process is impeded when the court is tasked with resolving a motion that is presented as an emergency. *See id.* Further, this district also provides several technical requirements regarding the filing of emergency motions. Local Rule 7-4 states that:

> (a) Written requests for judicial assistance in resolving an emergency dispute must be titled "Emergency Motion" and be accompanied by a declaration setting forth:
> > (1) The nature of the emergency;
> > (2) The office addresses and telephone numbers of movant and all affected parties; and
> > (3) A statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.
>
> (b) Emergency motions should be rare. A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency. This rule's provisions are not intended for requests for procedural relief, e.g., a motion to extend time to file a brief or for enlargement of page limits.
>
> (c) The court may determine whether any matter submitted as an "emergency" is, in fact, an emergency. Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.

LR 7-4(a)-(c).

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the other party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1). Additionally, Local Rule 26-7(c) provides that:

> discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Under LR IA 1-3(f), "to 'meet and confer' means to communicate directly and discuss in good faith the issues required under the particular rule or court order." "Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." *Id.*

1   Having reviewed the motions, the court does not find a basis to resolve either motion in an
2   expedited fashion. In regards to the motion to compel depositions from Keolis' 30(b)(6) witness,
3   plaintiffs' counsel states that a meet and confer was not held prior to the filing of this motion
4   because opposing counsel refused to participate. (*See* ECF No. 106-25 at 9.) Plaintiffs' counsel
5   further states that upcoming discovery deadlines necessitate this motion without waiting to
6   conduct a meet and confer with opposing counsel. (*Id.*) In regards to the motion to compel
7   ATU's 30(b)(6) witness, plaintiffs' counsel's declares that the parties met and conferred in good
8   faith and that the parties were unable to resolve the dispute. (ECF No. 107-10.) While not
9   explicitly stated, the court assumes that both motions are deemed an emergency because of
10  looming discovery deadlines.[1] However, as stated in the Local Rules, discovery deadlines alone
11  are insufficient in prompting an emergency motion. *See* LR 7-4(b). As such, the court declines
12  to resolve the motions on an emergency basis. Further, given that plaintiffs' counsel failed to
13  conduct a meet and confer prior to the filing of the motion to compel depositions from Keolis
14  (ECF No. 106), the court denies the motion without prejudice. To accommodate the full briefing
15  period for the remaining motion to compel (ECF No. 107), the pending dispositive motion
16  deadline is stayed pending the resolution of the motion.

17      Lastly, having reviewed the docket, the pending motions to compel are the parties' fourth
18  and fifth emergency filings. (*See* ECF Nos. 84, 88, 93, 106, 107.) Counsel for the parties are
19  advised to thoroughly review Local Rule 7-4 regarding the use of emergency motions before any
20  further emergency filing in this case.

---

[1] The discovery plan was erroneously filed in this case as the joint pretrial order in December of 2018. (*See* ECF No. 60.) This case was then reassigned to the undersigned Magistrate Judge in January of 2019, and the discovery plan was refiled on March 13, 2019. (*See* ECF Nos. 61, 69.) Further, this case was consolidated with a related action, 2:17-cv-02485-JCM-CWH, to prevent the risk of potentially different case outcomes. (Order (ECF No. 76).) While the court has not issued a formal scheduling order, the parties have proceeded with discovery, relying on the dates outlined in their proposed discovery plan and scheduling order. The proposed discovery plan provides a discovery deadline of April 15, 2019. (ECF No. 69.) The court then approved multiple requests to conduct discovery outside the discovery cut-off date. (*See* ECF Nos. 88, 95, 100.) And because of the discovery extensions, the court extended the dispositive motion deadline to May 30, 2019. (ECF No. 100.) The court now approves the discovery plan *nunc pro tunc*.

1    IT IS THEREFORE ORDERED that plaintiffs' motion to compel (ECF No. 107) shall be
2 briefed in the normal course.
3    IT IS FURTHER ORDERED that plaintiffs' motion to compel (ECF No. 106) is DENIED
4 without prejudice.
5    IT IS FURTHER ORDERED that the parties' proposed discovery plan and scheduling
6 order (ECF No. 69) is GRANTED *nunc pro tunc*.
7    DATED: May 23, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE