1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE MENDOZA, JR., et al.,

           Plaintiffs,

    v.

AMALGAMATED TRANSIT UNION
INTERNATIONAL, et al.,

           Defendants.

Case No. 2:18-cv-00959-JCM-CWH

**ORDER AND REPORT AND
RECOMMENDATION**

      Presently before the court is defendants Amalgamated Transit Union International, Antonette Bryant, Lawrence J. Hanley, Tyler Home, James Lindsay, III, Keira McNett, Richie Murphy, and Daniel Smith's (collectively "ATU defendants") motion to stay discovery (ECF No. 55), filed on October 18, 2018.  Plaintiffs Jose Mendoza, Jr., Robbie Harris, Robert Naylor, Myeko Easley, Dennis Hennessey, Gary Sanders, and Linda Johnson-Sanders' filed a response (ECF No. 57) on November 1, 2018.  The ATU defendants filed a reply (ECF No. 58) on November 8, 2018.

      Also before the court is plaintiffs' motion for leave to file a second amended complaint (ECF No. 67), filed on March 11, 2019.  The ATU defendants filed a response (ECF No. 73) on March 25, 2019.  Plaintiffs filed a reply (ECF No. 83) on April 1, 2019.

      Also before the court is plaintiffs' motion to extend the discovery deadlines (ECF No. 68), filed on March 11, 2019.  The ATU defendants filed a response (ECF No. 70) on March 15, 2019.  Plaintiffs filed a reply (ECF No. 72) on March 21,

      Also before the court is plaintiffs' second motion to extend discovery deadlines (ECF No. 98), filed on April 29, 2019.  The ATU defendants filed a response on May 16, 2019.  Plaintiffs filed a reply on May 23, 2019.

1    Also before the court is plaintiffs' emergency motion to compel (ECF No. 107), filed on

2    May 15, 2019.  The ATU defendants filed a response (ECF No. 111) on May 29, 2019.  Plaintiffs

3    filed a reply (ECF No. 113) on June 5, 2019.

4    Also before the court is plaintiffs' motion for clarification (ECF No. 114), filed on June

5    11, 2019.

6    **I.    BACKGROUND**

7    This case arises from an internal dispute of a local labor union, Amalgamated Transit

8    Union Local 1637 ("ATU").  Essentially, plaintiffs, seven former members of the local union's

9    executive board, allege that ATU improperly removed them from their positions as union officers

10   during the International's emergency trusteeship over the local union in 2017.  Plaintiff Jose

11   Mendoza filed the first of two lawsuits in state court, which defendants then removed to federal

12   court.  (*Mendoza v. Amalgamated Transit Union*, et al., 17-CV-2485-JCM-CWH ("*Mendoza I*").)

13   Plaintiff's complaint alleged ten separate causes of action on behalf of himself and on behalf of

14   the local union, under the Labor Management Relations Act ("LMRA").  (*Id.*)

15   In plaintiff's removed action, *Mendoza I*, plaintiff moved the court to stay the deadline to

16   amend the pleadings pending the resolution of defendants' pending motion to dismiss.  (*Mendoza*

17   *I*, ECF No. 53.)  Plaintiff argued that he intended to amend the complaint to add additional claims

18   under the Labor Management Reporting and Disclosure Act ("LMRDA") and that he could not

19   do so until the court issued its ruling.  (*Id.*)  The court denied the motion on March 23, 2018.

20   (*Mendoza I*, ECF No. 58.)

21   On May 25, 2018, plaintiff filed this action, *Mendoza II*, alleging a litany of claims under

22   the LMRDA and Nevada state law, based on facts related to the trusteeship over the local union.

23   (Compl. (ECF No. 1).)  Defendants then filed a motion to dismiss in *Mendoza II*, arguing that

24   plaintiffs claims are prohibited by the claim-splitting doctrine because *Mendoza I* arises from the

25   same set of facts as *Mendoza II*. (Mot. to Dismiss ECF No. 33).)

26   Meanwhile in *Mendoza I*, District Judge Mahan granted defendants' motion to dismiss,

27   finding that many of the claims were preempted under the LMRA.  (Order (ECF No. 82).)  The

28   court then consolidated *Mendoza I* and *Mendoza II*, finding that the "actions involve significant

overlap as to questions of fact and law." (Order (ECF No. 76).) As such, *Mendoza II* became the lead case and all filings were to be submitted to this case.

In *Mendoza II*, the discovery plan was erroneously filed as the joint pretrial order in December of 2018. (*See* ECF No. 60.) After this case was reassigned to the undersigned Magistrate Judge in January of 2019, the discovery plan was refiled on March 13, 2019. (*See* ECF Nos. 61, 69.) While the court had not issued a formal scheduling order, the parties proceeded with discovery, relying on the dates outlined in their proposed discovery plan and scheduling order. The proposed discovery plan provided a discovery deadline of April 15, 2019. (ECF No. 69.) The court then approved multiple requests to conduct discovery outside the discovery cut-off date. (*See* ECF Nos. 88, 95, 100.) And because of the discovery extensions, the court extended the dispositive motion deadline to May 30, 2019. (ECF No. 100.) The court then approved the discovery plan *nunc pro tunc* on May 23, 2019. (Order (ECF No. 109).)

The ATU defendants now move to stay discovery pending the resolution of their motion to dismiss the amended complaint. (Mot. to Stay (ECF No. 55).) Defendants argue that the motion to dismiss is potentially dispositive because plaintiffs in *Mendoza I* are barred under the doctrine of res judicata. (*Id.*) Defendants further argue that the motion to dismiss can be decided without additional discovery. (*Id.*) Plaintiffs respond that the court should not stay discovery because the pending motion to dismiss is meritless and is not dispositive of this action. (Resp. (ECF No. 57).) Defendants reply arguing that plaintiffs are not entitled to additional discovery. (Reply (ECF No. 58).)

Plaintiffs move for leave to file a second amended complaint, arguing that there is good cause to amend the complaint because of newly uncovered evidence. (Mot. to Amend (ECF No. 67).) The ATU defendants respond that the motion to amend is untimely, and that the proposed amendment is futile. (Resp. (ECF No. 73).) Plaintiffs reply reiterating their diligence and disputing ATU's futility arguments. (Reply (ECF No. 83).)

Plaintiffs move to extend discovery deadlines, arguing that good cause exists to extend the discovery schedule, which include the Keolis defendants' extension to produce requested documents, time for the court to formally grant the discovery plan, and time for the parties to

conduct depositions.  (Mot. to Extend (ECF No. 67).)  The ATU defendants respond that plaintiffs have failed to conduct discovery diligently, and that an extension would prejudice them. (Resp. (ECF No. 70).)  Plaintiffs reply that the Keolis defendants are refusing to participate in discovery and that the ATU defendants have not cooperated in discovery.  (Reply (ECF No. 72).)

Plaintiffs also move to reopen discovery, arguing that the Keolis defendants have failed to appropriately respond to plaintiffs' requests for documents.  (ECF No. 98)  The ATU defendants respond that the plaintiffs' representations in the joint motions to conduct discovery outside of the discovery period demonstrate that reopening discovery is unnecessary.  (Response (ECF No. 104).)  Plaintiffs reply that the ATU defendants fail to properly demonstrate prejudice in reopening discovery and that the prior stipulations have no bearing on their motion to extend. (Reply (ECF No. 108).)

Plaintiffs also move to compel the re-deposition of the ATU defendants' Rule 30(b)(6) witness, arguing that the witness was not prepared to give binding testimony.  (Mot. to Compel (ECF No. 107).)  The ATU defendants respond that plaintiffs' counsel did not seek to meet and confer, and that the witness' testimony was sufficient in light of the noticed topics.  (Resp. (ECF No. 111).)  Plaintiffs respond that counsel for the parties engaged in a meet and confer and that the 30(b)(6) witness' testimony was evasive.  (Reply (ECF No. 113).)

## II.  MOTION TO STAY

Courts have broad discretionary power to control discovery, including the decision to stay discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted).  But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending.  *Id.* at 600–01.  Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery."  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)

1   (quotation omitted).  Nor does the fact that "discovery may involve some inconvenience and

2   expense" automatically warrant a stay of discovery.  *Id.*

3          In determining whether to stay discovery, the court considers whether (1) the pending

4   motion is potentially dispositive of the entire case, or at least of the issue on which discovery is

5   sought; and (2) the potentially dispositive motion can be decided without additional discovery.

6   *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

7   This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion.

8   *Tradebay*, 278 F.R.D. at 603.  This assessment is meant not to prejudge a motion's outcome but,

9   rather, to accomplish the cost and time-saving objectives of Rule 1 by evaluating the justice of

10  either permitting or delaying discovery.  *Id.*  A court may stay discovery when it is convinced that

11  the plaintiff will be unable to state a claim for relief.  *Turner*, 175 F.R.D. at 555.  Ultimately, the

12  party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery

13  should be denied."  *Id.* at 556 (quotation omitted).

14         After conducting its "preliminary peek" of the ATU defendants' motion to dismiss, the court

15  finds that the pending motion to dismiss, if granted, would not dispose of this case in its entirety.

16  Defendants argue that plaintiff impermissibly filed *Mendoza II*, because he was denied leave to

17  amend in *Mendoza I*.  However, the court has since consolidated *Mendoza I* into *Mendoza II* and

18  defendants' contentions of claim-splitting may no longer be at issue.  Also, the ATU defendants

19  do not raise arguments that the allegations against them in counts six and seven should be

20  dismissed.  As such, it is unlikely, that even if the motion to dismiss is granted, that such an order

21  would dispose of the entire case.  Therefore, the court finds that a stay of discovery is

22  unwarranted.

23  **III.   MOTION TO AMEND**

24         Plaintiff also moves for leave to amend the second amended complaint. As a general rule,

25  "a party may amend its pleadings once as a matter of course" within twenty-one days of service,

26  or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e),

27  or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or

28  leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave

to amend, but should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, once the court issues a pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court must first apply the governing "good cause" standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* In addition, the carelessness of the party "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. As stated in the section above, a request made to modify the pretrial scheduling order after the expiration of a deadline must be accompanied by a showing of excusable neglect. *See* LR 26-4. The court considers the following factors when evaluating excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 23–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

In *Johnson*, the Ninth Circuit applied Rule 16's good cause standard when the plaintiff moved to amend his complaint to add an additional party, rather than making a specific request to amend the scheduling order. *See* 975 F.2d at 608-09. There, the court held that plaintiff had not demonstrated good cause when he failed to heed signs that not all parties were named in the action. *Id.* at 609. Further, the court noted that plaintiff held the burden to properly prosecute his case, and his failure to pay attention to the discovery responses is the same type of case management issue Rule 16 seeks to cure. *Id.* at 610.

Though plaintiff has not specifically requested a modification of the scheduling order, a motion to amend the pleadings after the court-ordered deadline is a de facto request to modify the scheduling order. *See Johnson*, 975 F.2d at 608-09. The court approved the scheduling order *nunc pro tunc*, providing January 15, 2019 as the deadline to amend the pleadings. Further, plaintiffs, on many occasions throughout their filings, acknowledge the dates in the proposed

1  discovery plan as the de facto scheduling order governing this case.  (*See* ECF Nos. 88, 95, 100

2  (where the court approved multiple requests to conduct discovery outside the discovery cut-off

3  period).)  Given that plaintiff moved to amend the complaint after the deadline, the court will

4  evaluate plaintiff's motion according to the excusable neglect standard under the Local Rules.

5  *See* LR 26-4.

6         Having reviewed the motion, plaintiff has not demonstrated excusable neglect, nor the less

7  stringent standard of good cause.  Allowing plaintiff to amend the complaint would severely

8  prejudice defendants, as they would be subject to additional, and likely duplicative, discovery.[1]

9  Further, plaintiffs moved to amend the pleadings almost two months after the deadline passed.

10  While plaintiff argues that the discovery deadlines were unclear because the court had not yet

11  adopted the parties proposed discovery plan, the parties proceeded with discovery as if the

12  proposed discovery plan was the operative scheduling order.  This is further demonstrated by the

13  parties' stipulations requesting an extension of discovery deadlines before the court approved the

14  proposed discovery plan *nunc pro tunc*.

15         Further, the court is unpersuaded by plaintiffs' reason for the delay – that newly

16  discovered evidence from the ATU defendants' alleged fraudulent insurance claim and the

17  Department of Labor's subsequent investigation findings necessitated the untimely filing.

18  Plaintiffs' proposed new cause of action alleges fraud under 18 U.S.C. § 1344 based on an

19  insurance claim filed by the ATU defendants.  By plaintiffs' own admission they were aware of

20  the insurance claim as early as August 2018, when they filed an amended certificate of interested

21  parties.  (*See* Mot. for Leave to Amend (ECF No. 66) at 11 ("Plaintiffs first became aware that

22  ATU International might have put in a fraudulent insurance claim on the union officer bond with

23  FDCM in August 2018, which is why they filed an amended Certificate of Interested Parties on

24  August 15, 2018.").)  The fact that plaintiffs were unaware of the particular details surrounding

25  the claim does not absolve them from diligently investigating and timely seeking leave to amend.

26

27

28

---

[1] The court finds it important to note that prior to the consolidation of *Mendoza I* into *Mendoza II*, the parties underwent the full discovery period.

1    Further, the court finds that the DOL's investigation did not impact plaintiffs' ability in timely

2    adding the cause of action.  Therefore, the court denies the motion for leave to amend.

3    **V.    MOTION TO COMPEL**

4            Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion to compel order

5    must include a certification that the movant has in good faith conferred or attempted to confer

6    with the other party to resolve the dispute without court action.  Fed. R. Civ. P. 37(a)(1).

7    Additionally, Local Rule 26-7(c) provides that:

8            discovery motions will not be considered unless the movant (1) has made a good
             faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion,
9            and (2) includes a declaration setting forth the details and results of the meet-and-
             confer conference about each disputed discovery request.
10

11   The meet and confer should consist of meaningful discussions of the substance of the

12   parties dispute "in a genuine effort to avoid judicial intervention."  *Cung Le v. Zuffa, LLC*,

13   321 F.R.D. 636, 647 (D. Nev. 2017) (citing *Shuffle Master, Inc. v. Progressive Games,*

14   *Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).  Counsel must present to "each other the merits

15   of their respective positions with the same candor, specificity, and support during the

16   informal negotiations as during the briefing of discovery motions."  *Cung Le*, 321 F.R.D.

17   at 647.  The meet and confer requirement is more than a "formalistic prerequisite," and the

18   parties must treat the process as a means to substitute judicial resolution.

19           Here, plaintiffs' counsel's declaration states that the parties met and conferred

20   after the deposition of the ATU defendants' 30(b)(6) witness.  (Decl. of Michael J.

21   Mcavoyamaya, Esq. (ECF No. 107-10).)  Mcavoyamaya continues, stating that he told the

22   ATU defendants' counsel that the 30(b)(6) witness was not prepared to give binding

23   testimony, and that opposing counsel disagreed.  (*Id.*)  The ATU defendants respond that

24   Mcavoyamaya did not participate in a meet and confer, and that the only communication

25   that occurred regarding the dispute was during the deposition at issue in this motion.

26   (Resp. (ECF No. 111) at 5.)  The ATU defendants provide the following exchange from

27   the deposition, which plaintiffs' counsel represents as the meet and confer:

28

1   Q. Not sure. So you realize you were directed to present today to give
2   testimony regarding compliance with the LMRDA?
    MS. RAVINDRAN: Michael, we've already gone through this before. That's
    not actually what your topic is.
3   MR. McAVOYAMAYA: That is what the topic is.
    MS. RAVINDRAN: No, it's not. It's on ATU policies and procedures, and he
4   is -- to the extent you have asked a few questions actually within those topics,
    he has responded to those.
5   MR. McAVOYAMAYA: That's fine. I am developing a factual record for
6   when I move to redepose and move for you not producing the 30(b)(6) witness.
    Okay.
7   MS. RAVINDRAN: Well, there will be no basis for that, but that hasn't
    stopped you before.
8   MR. McAVOYAMAYA: Make your objections. That's fine. I understand what
    your objection is.
9

10   Plaintiffs reply that nothing in the Local Rule 26-7 states that the meet and confer cannot

11   be held at the time the discovery dispute arises.  (Reply (ECF No. 113).)

12       Having reviewed plaintiffs' motion, the court finds that the parties did not meet

13   and confer prior to the filing of this motion.  As noted above, the meet and confer

14   requirement is more than a formalistic prerequisite to the filing of a discovery motion.

15   The parties must engage in meaningful discussions in an effort to avoid judicial

16   intervention.  The brief exchange between plaintiffs' counsel and the ATU defendants'

17   counsel does not qualify as a meaningful discussion meant to substitute judicial resolution.

18   The court will therefore deny the motion.

19   **IV.   MOTION TO EXTEND DISCOVERY DEADLINES AND MOTION TO REOPEN**

20   **DISCOVERY**

21       Plaintiffs also move to extend discovery deadlines and to reopen discovery.  Given that

22   both requests seek a modification of the scheduling order, the court will address the requests

23   collectively.  The scheduling order "may be modified only for good cause and with the judge's

24   consent." Fed. R. Civ. P. 16(b)(4).  Local Rule 26-4 provides that motions to extend any date set

25   by the discovery plan and scheduling order must, "in addition to satisfying the requirements of

26   LR IA 6-1, be supported by a showing of good cause for the extension."  LR 26-4.  Motions or

27   stipulations to extend deadlines must be made "no later than 21 days before the expiration of the

28   subject deadline."  *Id.*  "A request made within 21 days of the subject deadline must be supported

by a showing of good cause." *Id.* The good cause standard under LR 26-4 is the same as that for

modification of the scheduling order under Federal Rule of Civil Procedure 16(b). As stated in

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause

standard primarily considers the diligence of the party or parties seeking the extension. "A

request made after the expiration of the subject deadline will not be granted unless the movant

also demonstrates that the failure to act was the result of excusable neglect." LR 26-4. Further,

the court considers whether trial is imminent, opposition to the request, prejudice to the non-

moving parties, "the foreseeability of the need for additional discovery in light of the time

allowed for discovery by the district court, and . . . the likelihood that the discovery will lead to

relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

In both motions, plaintiffs argue that the Keolis defendants have failed to sufficiently

respond to plaintiffs' discovery requests. (Resp. (ECF No. 72); Mot. to extend (ECF No. 98).) In

the second motion regarding discovery, plaintiffs state their intent to file a motion to compel the

re-deposition of the ATU defendants' 30(b)(6) witness. (Mot. to Extend (ECF No. 98).) Only the

ATU defendants respond to the requests to modify the scheduling order, arguing that plaintiffs

have not diligently pursued discovery and that defendants would suffer prejudice from an

extension. (Resp. (ECF Nos. 70, 104).)

Having reviewed the motions, the court does not find good cause to modify the scheduling

order. While trial has not been set in this case, the court does find that the non-moving parties

will be severely prejudiced by a modification of the scheduling order. The ATU defendants and

plaintiff Mendoza have engaged in discovery on the facts in this case since November of 2017,

when the court first issued its scheduling order in *Mendoza I*, prior to the consolidation of the two

cases. (*See Mendoza I*, 17-CV-2485-JCM-CWH (ECF No. 31).) Further, the court does not find

it foreseeable to expect additional discovery, in light of the time that was available for discovery.

Lastly, the court does not find that plaintiffs have exercised diligence in pursuit of discovery. For

example, the depositions at issue in plaintiffs' motion to compel (ECF No. 107) occurred on April

15, 2019. During the deposition, plaintiffs' counsel stated his intent to file the motion to compel

the re-deposition of the 30(b)(6) witness. The motion was filed over a month later, after the close

1    of discovery, and labeled as an emergency.  This type of gamesmanship does not demonstrate

2    diligence.  *See Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of

3    diligence and offers no reason for a grant of relief.").  Therefore, both motions to modify the

4    scheduling order are denied.

5    **VI.    MOTION FOR CLARIFICATION**

6          Plaintiffs also moves for clarification of the clerk's notice (ECF No. 78) to their motion

7    for sanctions.  The clerk's notice states that plaintiffs' motion for sanctions (ECF No. 77)

8          was not filed pursuant to LR IC 2-2(b). For each type of relief requested or
      purpose, a separate document must be filed. Counsel is advised to refile the
9          Motion to Compel and the Motion for Protective Order contained within ECF No.
      77, each as separate entries, in accordance with the Local Rules.
10

11   (Clerk's Notice (ECF No. 78).)  Plaintiffs contend that the Local Rules are in conflict with the

12   Federal Rules of Civil Procedure because it appears that LR IC 2-2(b) requires a the filing of

13   separate motions, despite requesting the same relief.  (Mot. for Clarification (ECF No. 114).)

14         Under Local Rule IC 2-2(b)

15         The electronic filing system categorizes documents by the type of "event." The
      filer must select a type of "event" for each filed document based on the relief
16         requested or the purpose of a document. For each type of relief requested or
      purpose of the document, a separate document must be filed and a separate event
17         must be selected for that document.

18

19   LR IC 2-2(b).

20         Having reviewed plaintiffs' motion, the court finds no indicia of conflict between the

21   Local Rules and the Federal Rules of Civil Procedure.  However, the court finds it necessary to

22   clarify the rule for plaintiffs.  The Local Rule at issue requires the filer to file the same document

23   on the docket more than once, depending on the number of requests contained in the document.

24   Each time the document is filed, the filer must select a different type of event.  For example, if

25   plaintiffs prepare a motion to compel, and if within that motion is a request for sanctions,

26   plaintiffs must file that motion twice on the docket.  Each filing must reflect a different event.

27   The first filing event being a "motion to compel" and the second, a "motion for sanctions."  Given

28

that the court has clarified the Local Rule at issue, the court grants plaintiffs' motion for clarification.

**VII.    CONCLUSION AND RECOMMENDATION**

IT IS THEREFORE ORDERED that the ATU defendants' motion to stay discovery (ECF No. 55) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' motion for leave to file a second amended complaint (ECF No. 67) be DENIED.

IT IS FURTHER ORDERED plaintiffs' motion to extend discovery deadlines (ECF No. 68) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to reopen discovery (ECF No. 98) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to compel (ECF No. 107) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for clarification (ECF No. 114) is GRANTED.

**VIII.   NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE