1
2
3
4
                        UNITED STATES DISTRICT COURT
5
                              DISTRICT OF NEVADA
6
                                      * * *
7    JOSE MENDOZA, JR., et al.,                Case No. 2:18-CV-959 JCM (DJA)
8                          Plaintiff(s),                   ORDER
9         v.
10   AMALGAMATED TRANSIT UNION
     INTERNATIONAL, et al.,
11
12                         Defendant(s).

13
14          Presently before the court is plaintiffs' motion to retax costs.   (ECF No. 191).
15   Defendants Miller Kaplan Arase, LLP, Anne Salvador, and Alexandra Chernyak
16   (collectively "MKA defendants") responded in opposition (ECF No. 194) to which plaintiffs
17   replied (ECF No. 195).
18   I.     BACKGROUND
19          This case arises out of the imposition of a trusteeship over Amalgamated Transit
20   Union Local 1637.   The court entered judgment against plaintiffs, the former president and
21   executive board members of Local 1637.   (ECF No. 173).   The two groups of defendants
22   each filed a bill of costs to which plaintiffs objected and now seek to retax.
23          a.   MKA Defendants
24          MKA defendants filed a $4,501.05 bill of costs.   (ECF No. 175).   Plaintiffs objected
25   to the bill of costs, arguing, among other things, that the attached documentation did not
26   include invoices for the depositions of Kevin Kirkendall and Jose Mendoza.   (ECF No. 179
27   at 4).   MKA defendants then attached the two invoices to their response to plaintiffs'
28   objection.   (ECF No. 184 at 6–8).   The clerk taxed $4,480.85 in costs which includes

**James C. Mahan**
**U.S. District Judge**

$1,475.90 for the two depositions at issue.  (ECF No. 189 (clerk's memo); ECF No. 190 (costs taxed)).  Plaintiffs now move to retax costs, arguing that the clerk impermissibly considered the later-attached invoices and, in effect, extended the 14-day deadline to file an affidavit and supporting documentation.  (ECF No. 191).

### b.  KTA Defendants[1]

KTA defendants filed a $3,613.75 bill of costs.  (ECF No. 176).  After plaintiffs objected to the bill of costs (ECF No. 178), the clerk filed a notice stating, in part, "[p]laintiffs objected to the taxation of costs as not supported by the requisite affidavit. The clerk sustains this objection; however, finds it reasonable to allow time to supplement the bill of costs with an affidavit."  In response to the clerk's notice, KTA defendants filed a supplemental declaration.  (ECF No. 192).  Because KTA defendants filed a supplemental *declaration* rather than an *affidavit*—a violation of LR 54-1(b) and 28 U.S.C. § 1924—the clerk did not award KTA defendants any costs.  (ECF No. 196 (costs taxed); ECF No. 197 (clerk's memo)).  Before the clerk's denial of costs, plaintiffs filed the instant motion to retax costs, arguing that the clerk's notice impermissibly extended the 14-day deadline to file an affidavit and supporting documentation.  (ECF No. 191).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  The rule creates a presumption in favor of awarding costs but gives the court the discretion to deny them as well.  *Assoc. Of Mex. Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The court considers whether the non-prevailing party sufficiently shows "why costs should not be awarded."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).  The court must specify reasons for its *denial of costs* only.  *Id.* at 945; *see also Champion Produce, Inc. v. Ruby Robinson, Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (enumerating reasons a court can deny costs).  An award

---

[1] KTA defendants are Keolis Transit America, Inc. and Kelvin Manzanares.  (ECF No. 172).

**James C. Mahan**
**U.S. District Judge**

- 2 -

of costs is also governed by 28 U.S.C. § 1920, which enumerates the litigation expenses that the court can tax.

The court's local rules provide more specific procedures for taxation of costs. A prevailing party must file and serve a bill of costs no later than fourteen days after the entry of judgment. LR 54-1(a). The bills of costs must be "supported by an affidavit and distinctly set forth each item so that its nature can be readily understood. An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs." LR 54-1(b).

If the non-prevailing party objects to the bill of costs, the clerk "may prepare, sign, and enter an order disposing of a bill of costs, subject to a motion to re-tax under LR 54-12." LR 54-1(e). "A motion to re-tax must specify the particular portions of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court. The motion to re-tax will be decided on the same papers and evidence submitted to the clerk." LR 54-12(b).

## III.    DISCUSSION

As an initial matter, plaintiffs' instant motion to retax costs *preceded* the clerk's eventual denial of costs to KTA defendants. (ECF No. 196). Thus, the court will not consider plaintiffs' now moot objection to the clerk affording KTA defendants more time to supplement their bill of costs with a proper affidavit.

The court now turns to the retaxation of MKA defendants' bill of costs. Plaintiffs rely on an outdated version of the local rules. Before the local rules were amended in May 2016, that rule governing bills of costs stated that "[i]f an objection to a cost bill is filed, the cost bill shall be treated as a motion and the objection shall be treated as a response thereto." LR 54-13(b)(3) (local rules effective Aug. 1, 2011 to May 1, 2016). If this rule were in effect today, plaintiffs' argument would be more persuasive because a party cannot introduce new evidence in a reply brief. *Queensridge Towers LLC v. Allianz Glob. Risks US Ins. Co.*, No. 2:13-cr-197-JCM-PAL, 2015 WL 1403479, at *3 (D. Nev. Mar. 26, 2015). The "new evidence" here would be the invoices attached to MKA defendants' "reply" to plaintiffs'

James C. Mahan
U.S. District Judge

1    objection to the bill of costs.  Even so, the court is unaware of a case in which a party

2    successfully relied on LR 54-13(b)(3) to object to later-attached documentation.

3         Thus, the court denies plaintiffs' motion to retax costs for three reasons.  First,

4    "nothing in the relevant statutes or local rules" prohibits the clerk from considering the two

5    invoices that MKA defendants say were "inadvertently" not attached to their bill of costs.

6    (ECF No. 194 at 2).  In fact, the current local rules say that documentation must be attached

7    only when such documentation is "available."  LR 54-1(b).  This language makes the court

8    hesitant to deny costs that MKA defendants *eventually* documented.   Second, MKA

9    defendants properly itemized the two depositions in the declaration attached to its bill of

10   costs, giving plaintiffs fair notice.  (ECF No. 194 at 2).  Third—and most importantly given

11   the court's discretion—plaintiffs do not dispute that MKA defendants can recover these costs

12   on substantive grounds.  In sum, plaintiffs have not persuaded the court that it should

13   "deviate[ ] from normal practice" and retax costs based on their procedural objections.  *Save*

14   *Our Valley*, 335 F.3d at 945.

15   IV.    **CONCLUSION**

16         Accordingly,

17         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to

18   retax costs (ECF No. 191) be, and the same hereby, is DENIED.

19         DATED March 3, 2021.

20

21                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -